**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP; GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC.; and their members.<br><br>*Plaintiffs*,<br><br>v.<br><br>BRAD RAFFENSPERGER, Secretary of State of Georgia, in his official capacity,<br>*Defendant*,<br><br>REPUBLICAN NATIONAL COMMITTEE and GEORGIA REPUBLICAN PARTY, INC.<br><br>*Proposed Intervenor-Defendants*. | Case No: 1:24-cv-04287-TWT |

**[PROPOSED] ANSWER BY THE REPUBLICAN NATIONAL COMMITTEE AND GEORGIA REPUBLICAN PARTY**

Thomas R. McCarthy*
Gilbert C. Dickey*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard
Suite 700
Arlington, VA 22209
(703) 243-9423
tom@consovoymccarthy.com
gilbert@consovoymccarthy.com
conor@consovoymccarthy.com

*pro hac vice* forthcoming

William Bradley Carver, Sr.
Georgia Bar No. 115529
HALL BOOTH SMITH, P.C.
191 Peachtree Street NE, Ste. 2900
Atlanta, GA 30303
(404) 954-5000
BCarver@hallboothsmith.com

Baxter D. Drennon
Georgia Bar No. 241446
HALL BOOTH SMITH, P.C.
200 River Market Avenue, Ste. 500
Little Rock, AR 72201
(501) 319-6996
BDrennon@hallboothsmith.com

Proposed Intervenors—the Republican National Committee and Georgia Republican Party, Inc.—now answer Plaintiffs' complaint. Unless expressly admitted below, every allegation in the complaint is denied. Accordingly, Intervenors state:

## INTRODUCTION

1. Intervenors deny that Plaintiffs are entitled to relief.

2. The cited statutes speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

3. Deny.

4. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

5. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

6. The cited statutes speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

7. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

8. The cited statutes speak for themselves. The remaining allegations in this paragraph are denied.

9. The cited statutes speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

10. Deny.

11. Deny.

12. The cited statute speaks for itself. The remaining allegations in this paragraph are denied.

13. The cited statute speaks for itself. Intervenors otherwise lack sufficient information to admit or deny the allegations made in this paragraph.

14. Deny.

15. The cited statute speaks for itself. The remaining allegations in this paragraph are denied.

16. Deny.

17. The cited statute speaks for itself. The allegations in the last sentence of the paragraph are denied. Intervenors otherwise lack sufficient information to admit or deny the allegations made in this paragraph.

18. Deny.

## JURISDICTION AND VENUE

19. These legal arguments require no response.

20. These legal arguments require no response.

21. These legal arguments require no response.

22. These legal arguments require no response.

## PARTIES

23. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

24. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

25. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

26. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

27. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

28. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

29. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

30. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

31. Intervenors deny that the right to vote of registered voters residing throughout Georgia is threatened by the challenged provisions of S.B. 189.

32. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

33. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

34. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

35. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

36. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

37. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

38. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

39. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

40. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

41. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

42. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

43. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

44. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

45. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

46. Intervenors deny that the right to vote of registered voters residing throughout Georgia is threatened by the challenged provisions of S.B. 189.

47. The cited statutes speak for themselves. Intervenors otherwise lack sufficient information to admit or deny the allegations made in this paragraph.

48. Admit.

## STATEMENT OF FACTS

49. Deny.

50. The cited statute speaks for itself. Intervenors otherwise deny the allegations made in this paragraph.

51. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

52. The cited constitutional provision speaks for itself, and no further response is required.

53. The cited constitutional and statutory provisions speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

54. The cited statute and authorities speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

55. The cited authorities speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

56. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

57. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

58. The cited authority speaks for itself. Intervenors otherwise lack sufficient information to admit or deny the allegations made in this paragraph.

59. The cited statutes speak for themselves. Intervenors otherwise lack sufficient information to admit or deny the allegations made in this paragraph.

60. The cited statutes speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

61. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

62. Intervenors lack sufficient information to admit or deny the allegations made in the first sentence of this paragraph. The allegations in the last three sentences of this paragraph are denied.

63. The cited authorities speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

64. The cited authority speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

65. The cited statute speaks for itself. The remaining allegations in this paragraph are denied.

66. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

67. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

68. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

69. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

70. The cited authorities speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

71. The cited statutes speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

72. Deny.

73. Deny.

74. Deny.

75. The allegations in this paragraph are legal conclusions to which no response is required.

76. Deny.

77. The cited constitutional provision speaks for itself. Intervenors otherwise lack sufficient information to admit or deny the allegations made in this paragraph.

78. The cited statute and ordinances speak for themselves. Intervenors otherwise lack sufficient information to admit or deny the allegations made in this paragraph.

79. The cited statute and ordinances speak for themselves. Intervenors otherwise lack sufficient information to admit or deny the allegations made in this paragraph.

80. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

81. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

82. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

83. Deny.

84. Deny.

85. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

86. Deny.

87. Deny.

88. Intervenors lack sufficient information to admit or deny the allegations made in this paragraph.

89. Deny.

## CLAIMS FOR RELIEF

## COUNT I

90. Intervenors incorporate their prior responses.

91. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

92. The cited authorities speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

93. Deny.

94. Deny.

95. Deny.

96. Deny.

97. Deny.

98. Deny.

99. Deny.

## **COUNT II**

100. Intervenors incorporate their prior responses.

101. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

102. The cited constitutional provision and authorities speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

103. The cited authorities speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

104. Deny.

105. The cited statute speaks for itself. The remaining allegations in this paragraph are denied.

106. The cited statute speaks for itself. The remaining allegations in this paragraph are denied.

107. The allegations in this paragraph are legal conclusions to which no response is required.

108. Deny.

## **COUNT III**

109. Intervenors incorporate their prior responses.

110. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

111. The cited statute and authorities speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

112. Deny.

113. Deny.

## COUNT IV

114. Intervenors incorporate their prior responses.

115. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

116. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

117. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

118. Deny.

## COUNT V

119. Intervenors incorporate their prior responses.

120. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

121. The cited constitutional provisions and authorities speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

122. Deny.

123. Deny.

124. Deny.

125. Deny.

126. Deny.

## COUNT VI

127. Intervenors incorporate their prior responses.

128. The cited statute speaks for itself. The remaining allegations in this paragraph are legal conclusions to which no response is required.

129. The cited statute and authorities speak for themselves. The remaining allegations in this paragraph are legal conclusions to which no response is required.

130. Deny.

## RESPONSE TO PLAINTIFFS' PRAYER FOR RELIEF

1. Intervenors deny that Plaintiffs are entitled to the requested relief.

2. Intervenors deny that Plaintiffs are entitled to the requested relief.

3. Intervenors deny that Plaintiffs are entitled to the requested relief.

4. Intervenors deny that Plaintiffs are entitled to the requested relief.

5. Intervenors deny that Plaintiffs are entitled to the requested relief.

6. Intervenors deny that Plaintiffs are entitled to the requested relief.

7. Intervenors deny that Plaintiffs are entitled to the requested relief.

8. Intervenors deny that Plaintiffs are entitled to the requested relief.

9. Intervenors deny that Plaintiffs are entitled to the requested relief.

10. Intervenors deny that Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE DEFENSES

1. The allegations in Plaintiffs' complaint fail to state a claim upon which relief may be granted.

2. Plaintiffs lack standing to bring this case.

3. Plaintiffs' requested relief is barred by the *Purcell* principle.

Respectfully submitted this 11th day of October, 2024.

/s/ *William Bradley Carver, Sr.*

| | |
|---|---|
| Thomas R. McCarthy* | William Bradley Carver, Sr. |
| Gilbert C. Dickey* | Georgia Bar No. 115529 |
| Conor D. Woodfin* | HALL BOOTH SMITH, P.C. |
| CONSOVOY MCCARTHY PLLC | 191 Peachtree Street NE |
| 1600 Wilson Boulevard | Suite 2900 |
| Suite 700 | Atlanta, GA 30303 |
| Arlington, VA 22209 | (404) 954-5000 |
| (703) 243-9423 | BCarver@hallboothsmith.com |
| tom@consovoymccarthy.com | |
| gilbert@consovoymccarthy.com | Baxter D. Drennon |
| conor@consovoymccarthy.com | Georgia Bar No. 241446 |
| | HALL BOOTH SMITH, P.C. |
| *pro hac vice forthcoming | 200 River Market Avenue |
| | Suite 500 |
| | Little Rock, AR 72201 |
| | (501) 319-6996 |
| | BDrennon@hallboothsmith.com |

*Counsel for Proposed Intervenor-Defendant*
*The Republican National Committee*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 11th day of October, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, and was additionally served by emailing a copy to the currently known counsel of named parties as listed below:

/s/ *William Bradley Carver, Sr.*