IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP; GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC.; and THEIR MEMBERS,<br><br>*Plaintiffs,*<br><br>v.<br><br>BRAD RAFFENSPERGER, Secretary of State of Georgia, in his official capacity,<br><br>*Defendant.* | Case No. 1:24-cv-04287-SDG |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO INTERVENE**

Plaintiffs submit this response to the motion to intervene filed by the Republican National Committee and Georgia Republican Party, Inc. (collectively, "the Proposed Intervenors"). *See* ECF No. 26.[1] Initially, the Court should hold the motion in abeyance until the named Defendant, the Secretary of State, has responded so that the Court can evaluate the Proposed Intervenors' contentions, including that

---

[1] Plaintiffs are timely responding to the motion to intervene filed on October 11, 2024, at ECF No. 26. They do not respond to a separate motion to intervene, ECF No. 19, filed October 8, 2024, because they understand from counsel for the Proposed Intervenors that that motion was mistakenly filed onto this docket and was actually meant to be filed into another action pending in this district, *Georgia State Conference of the NAACP et al v. Kemp*, 1:24-cv-04546-ELR.

1

no other party adequately represents their interests. If the Court decides to address the motion before the Secretary of State responds, it should deny it because the Proposed Intervenors have not made the showing necessary for either mandatory or permissive intervention.

## ARGUMENT

**I.   The Proposed Intervenors Are Not Entitled to Intervene as of Right.**

To intervene as of right, the non-party bears the burden to satisfy each of four elements: (1) it must file a timely application; (2) it must have a cognizable "interest relating to the property or transaction which is the subject of the action"; (3) it must be "so situated that disposition of the action, as a practical matter, may impede or impair [its] ability to protect that interest"; and (4) its interests must be "represented inadequately by the existing parties to the suit." *Stone v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir. 2004) (citing Fed. R. Civ. P. 24(a)). The Proposed Intervenors cannot carry their burden to establish these elements.

**A.   The Proposed Intervenors fail to identify any legally protectable interest that entitles them to intervention**.

The Proposed Intervenors cannot identify a "direct, substantial, [and] legally protectable" cognizable interest in opposing Plaintiffs' requested relief, including because that relief would be bringing Georgia into compliance with federal requirements and equal treatment of all Georgia voters. *Huff v. Comm'r*, 743 F.3d 790, 796 (11th Cir. 2014) (quote omitted).

Plaintiffs are non-partisan, non-profit organizations in Georgia that share a commitment to protecting the right to vote regardless of political affiliation. Further, membership in Plaintiffs' organizations is open to individuals regardless of their political affiliation. Plaintiffs bring this litigation challenging provisions of Senate Bill 189 ("S.B. 189") to safeguard the fundamental right to vote for *all* eligible Georgia voters regardless of residency status. They do not seek to advantage any particular community, constituency, or group.

The Proposed Intervenors' asserted argument for intervention is based on an interest in "the laws and rules governing Georgia's elections." ECF No. 26 at 2. But that is a vague and generalized interest that is legally insufficient to support intervention.[2] Plaintiffs allege that S.B. 189 disadvantages groups such as unhoused,

---

[2] Courts in the Eleventh Circuit and elsewhere have denied motions to intervene by political and partisan parties. *See, e.g.*, *United States v. State of Alabama*, No. 2:06-CV-392-WKW, 2006 WL 2290726, at *9 (M.D. Ala. Aug. 8, 2006) (denying motion to intervene of Democratic officials); *Chestnut v. Merrill*, No. 2:18-CV-907-KOB, 2018 WL 9439672, at *1–2 (N.D. Ala. Oct. 16, 2018) (denying intervention by Republican legislator). *See generally Yazzie v. Hobbs*, No. CV-20-08222-PCT-GMS, 2020 WL 8181703, at *4 (D. Ariz. Sept. 16, 2020) (denying motion to intervene of Republican committees); *Democracy N. Carolina v. N. Carolina State Bd. of Elections*, No. 1:20-cv-457, 2020 WL 6591397, at *2; M.D.N.C. June 24, 2020) (declining to reconsider denial of Republican committee intervention); *Common Cause R.I. v. Gorbea*, No. 1:20-CV-00318-MSM-LDA, 2020 WL 4365608, at *3 n.5 (D.R.I. July 30, 2020) (rejecting state Republican intervention motion); *Feehan v. Wisconsin Elections Comm'n*, No. 20-CV-1771-PP, 2020 WL 7182950, at *7 (E.D. Wis. Dec. 6, 2020) (denying motion to intervene of Democratic committees); *Chambers v. North Carolina*, No. 20-CVS-500124 (N.C. Sup. Ct. Sept. 3, 2020) (order denying Republican committees' motion to intervene); *Mich. All. For Retired Ams. v. Benson*, 20- 000108-MM (Mich. Court of Claims, Sept. 18,

3

transient, and student voters, but they are not challenging the application of Georgia election laws to any particular group. Nor are Plaintiffs challenging the termination of particular voters from voter rolls under state law, *see Black Voters Matter Fund v. Raffensperger*, Doc. 42, No. 1:20-cv-4869 (N.D. Ga. Dec. 9, 2020), or seeking to disrupt the ability of some voters to cast ballots in a particular manner, *see Wood v. Raffensperger*, Doc. 14, No. 1:20-cv-5155 (N.D. Ga. Dec. 28, 2020). Instead, this lawsuit is seeking to ensure that registration requirements and voter challenge procedures comply with federal law and protect access to the ballot for all Georgians, regardless of party affiliation or political preference.[3]

The Proposed Intervenors further contend that they have a legally protected interest that requires intervention because "Plaintiffs seek a ruling that would strip Republican voters of their ability to initiate proceedings to remove deceased persons and non-residents from the State's voter registration rolls[.]" *See* ECF No. 26 at 8, 11. The Proposed Intervenors' purported interest relies on a mischaracterization of the relief that Plaintiffs seek. *See* Compl. Prayer for Relief ¶ 6. Plaintiffs do not seek

---

2020) (denying Republican entities intervention). *League of Women Voters of Michigan v. Johnson*, No.2:17-CV-14148, 2018 WL 10483889, at *1 (E.D. Mich. Apr. 4, 2018) (denying Republican legislators' motion to intervene); *One Wisconsin Inst., Inc. v. Nichol*, 310 F.R.D. 394, 399 (W.D. Wis. 2015) (denying motion to intervene by Republican legislators); *Am. Ass'n of People With Disabilities v Herrera*, 257 F.R.D. 236, 240 (D.N.M. 2008) (denying motion to intervene by Republican committee and legislators to intervene).

[3] While Proposed Intervenors' purport to cite eight cases supporting intervention, five of the eight of them comprise a single consolidated case.

to "strip" any voter's rights. Their requested relief would not prevent Republican voters or any other voters from seeking to file challenges related to deceased persons or non-Georgia residents on the voter rolls pursuant to the procedures in O.C.G.A. §§ 21-2-229, 21-2-230.

The Proposed Intervenors further claim to have an interest justifying intervention by incorrectly claiming both that: (1) Plaintiffs seek relief that would "effectively change the mailing address of all homeless voters for election purposes in Georgia"; and (2) Plaintiffs' requested relief would "disrupt Movants' ability to communicate with such voters as Movants rely on the county registrar's office serving as the mailing address for homeless voters to reach such voters with voter registration and election related messages." ECF No. 26 at 9. For the avoidance of doubt, the provision of Section 4 of S.B 189 that mandates that voters that are unhoused or housing-insecure use their county registrar's office as a mailing address for all official election mail does not go into effect until January 1, 2025. This means that prior to Section 4 of S.B. 189 going into effect, Georgia voters who are homeless or housing insecure can use whatever address they choose to receive their elections-related mail, including, but not limited to, shelters, churches, post office boxes, or the addresses of others. Plaintiffs seek relief to maintain the status quo, not compel a change that would alter what the Proposed Intervenors and others are already doing to reach these impacted voters. The Proposed Intervenors also do not address the

allegations that these voters will be less accessible via mail once their mailing address is changed to an office where they may not be able to receive such mail.

### B. The Proposed Intervenors' generic interests will not be impeded or impaired absent intervention.

The relief requested by Plaintiffs is an effort to ensure that all eligible Georgians are able to vote regardless of baseless voter challenges and to ensure that unhoused Georgians can adequately access their election-related mail. Neither of these causes are partisan, and Plaintiffs have not requested relief tied to any political party, candidate, or cause. In other words, protecting the equal right to vote for all Georgians is not a partisan cause.

## II. The Proposed Intervenors' Request for Permissive Intervention Should be Denied.

For the reasons set forth above, permissive intervention is not warranted. Under Rule 24(b)(2), the court "has the discretion to deny intervention[,]" *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989) (citation omitted), and may consider "almost any factor rationally relevant" even when a movant satisfies other requirements under Rule 24(b)(2), *Bake House SB, LLC v. City of Miami Beach*, No. 17-20217-CV, 2017 WL 2645760, at *6 (S.D. Fla. June 20, 2017) (citation omitted).

## CONCLUSION

Plaintiffs respectfully request that this Court hold the motion to intervene in abeyance until the named Defendant responds to the lawsuit to ensure the Court has

the information necessary to evaluate the Proposed Intervenors' assertions as to their interests and the adequacy of representation. Alternatively, for all of the reasons described above, the Court should deny the motion to intervene.

Respectfully submitted this 25 day of October, 2024.

_/s/ Lindsey B. Cohan_

Caitlin May (Ga. Bar No. 602081)
Cory Isaacson (Ga. Bar No. 983797)
Akiva Freidlin (Ga. Bar No. 692290)
ACLU FOUNDATION OF GEORGIA, INC.
P.O. Box 570738
Atlanta, Georgia 30357
(678) 310-3699
cisaacson@acluga.org
cmay@acluga.org
afreidlin@acluga.org

Ezra Rosenberg*
Julie M. Houk*
Marlin David Rollins-Boyd*
Ryan Snow*
Lawyers' Committee for Civil Rights Under Law
1500 K Street NW, Suite 900
Washington, DC 20005
Telephone: (202) 662-8600
General Fax: (202) 783-0857
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
drollins-boyd@lawyerscommittee.org
rsnow@lawyerscommittee.org

Neil A. Steiner*
Mara Cusker Gonzalez*
Biaunca S. Morris*

Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
Neil.steiner@dechert.com
Mara.cuskergonzalez@dechert.com
Biaunca.morris@dechert.com

Lindsey B. Cohan*

Dechert LLP
515 Congress Ave. STE 1400
Austin, TX  78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
Lindsey.cohan@dechert.com

*Attorneys for Plaintiffs*

*Admitted *Pro Hac Vice*

## LOCAL RULE 7.1(D) CERTIFICATION OF COMPLAINCE

      Pursuant to L.R. 7.1(d), the undersigned hereby certifies that the foregoing brief has been prepared in Times New Roman 14 point, a font and type selection approved by the Court in Local Rule 5.1(B).

                                                                */s/ Lindsey B. Cohan*
                                                                Lindsey B. Cohan

Dated: October 25, 2024

## **CERTIFICATE OF SERVICE**

I, Lindsey B. Cohan, hereby certify that on this 25th day of October, 2024, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system and will be sent electronically to all persons identified on the Notice of Electronic Filing.

/s/ *Lindsey B. Cohan*
Lindsey B. Cohan

Dechert LLP
515 Congress Ave. STE 1400
Austin, TX  78701
Telephone: (512) 394-3000
Facsimile: (512) 394-3001
Lindsey.cohan@dechert.com